171 So.2d 23 (1965)
Lillian L. BOHLMANN, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 4653.
District Court of Appeal of Florida. Second District.
January 22, 1965.
Clark W. Jennings, Winter Park, for appellant.
Leon H. Handley, of Gurney, Gurney & Handley, Orlando, for appellee.
ANDREWS, Judge.
This is an appeal from a final decree finding the defendant Allstate Insurance Company not liable to the plaintiff Lillian L. Bohlmann, survivor of Emil F. Bohlmann, deceased, under its insurance policy.
The defendant insurance company issued to Emil F. Bohlmann, deceased husband of the plaintiff, a public liability insurance policy. The policy contained an uninsured motorists' protection provision as follows:
"Allstate will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such automobile."
The policy also contained the following provision:
"The determination as to whether the insured shall be legally entitled to recover *24 damages, and if so entitled the amount thereof, shall be made by agreement between the insured and Allstate.
"In the event of disagreement and upon written demand of the insured, the matter or matters upon which the insured and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof. The insured and Allstate each agrees to consider itself bound and to be bound by any award made by the Arbitrator(s) pursuant to this Section II."
The decedent was injured and died as a result of being struck by an uninsured automobile owned and driven by Carl Booth. The plaintiff made demand under the policy, and the company refused to make any payment. The plaintiff then made demand for arbitration pursuant to the provisions of the policy. The arbitrator was appointed by the American Arbitration Association, and no objection to his qualifications was filed.
After hearing the arbitrator found the defendant not liable in that the doctrine of last clear chance was inapplicable, that there was no showing of negligence on the part of the driver of the car which was the proximate cause of the accident, and that the deceased was guilty of contributory negligence.
The plaintiff then filed a chancery action to set aside the award, and requested a trial de novo by a jury. The complaint was dismissed by the court on the grounds that the arbitration proceeding under the terms of the contract was properly conducted under the provisions of the Florida Arbitration Code, F.S.A. §§ 57.10 through 57.31, and that there was no showing sufficient to set aside the award as authorized by F.S.A. § 57.22. The plaintiff was, however, granted permission to file an amended complaint, and the court on the basis of the amended complaint by later order found that the statute did not apply, and that the same constituted common law arbitration.
The court then proceeded to hear the testimony of all the witnesses who had testified before the arbitrator. In this respect the court was in error. Where parties include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract, they are bound by their agreement to arbitrate. Such an agreement is controlled by the provisions of the Florida Arbitration Code, §§ 57.10 through 57.31, Fla.Stats., F.S.A., and "such agreement or provision shall be valid, enforceable and irrevocable without regard to the justiciable character of the controversy; * * *" § 57.11, Fla.Stats., F.S.A. The insurance policy contained such an agreement and it provided a method for the appointment of an arbitrator so that such an appointment by the court was not required. § 57.13, Fla.Stats., F.S.A. In such an arbitration proceeding the court may vacate an award under the conditions enumerated in § 57.22, Fla.Stats., F.S.A., or it may modify or correct an award under the conditions enumerated in § 57.23, Fla.Stats., F.S.A. Upon application of a party to the arbitration the court must confirm an award unless it finds grounds for vacating, modifying or correcting. Confirmation becomes the judgment of the court. § 57.24, Fla. Stats., F.S.A. The court's initial determination that the arbitration was under the provisions of §§ 57.10 through 57.31, Fla.Stats., F.S.A. was correct and its subsequent determination that the proceedings were a common law arbitration was erroneous. A correct decree will not be reversed because it was arrived at by traveling an erroneous route. The facts here do not disclose any of the statutory grounds for vacating or modifying or correcting the award and, therefore, the decree finding the defendant not liable to the plaintiff in accordance with the finding of the arbitrator was correct.
*25 In the order dismissing the original complaint the court refers to the fact that the question of the constitutionality of the Florida Arbitration Code was raised, but made no specific ruling thereon. The failure of the court to rule on this question was not contained in the plaintiff's assignments of error, and is therefore not a proper subject for consideration by this court.
Affirmed.
SMITH, C.J., and JUSTICE, JOHN D., Associate Judge, concur.