PER CURIAM.
It appears Petitioner is aggrieved because an arbitration agreement between the parties was not followed by Respondents, who brought suit instead. The trial court entered therein a summary judgment for Respondents which was affirmed by the District Court of Appeal, Third District.
The petition for writ of certiorari reflected probable jurisdiction in this Court. We issued the writ and have heard able argument of counsel for the parties on the questions of jurisdiction and merits. However, after argument and upon further consideration of the matter, we have determined that there is not direct conflict between the instant case and Bohlmann v. Allstate Insurance Company, 171 So.2d 23 (Fla.App. 2d), cited by Petitioner in support of its petition for the reason the controlling facts are not substantially the same in the two cases and the decisional result in both cases is not dissimilar. It appears from the facts that there was no genuine issue between the parties as to the amount ultimately awarded to Respondents in the second summary judgment. For this reason, even if there were conflict invoking this Court’s jurisdiction, it would serve no useful purpose in respect to the merits of this case, as was similarly decided in the Bohlmann case, to set *654 aside the trial court’s judgment and require arbitration.
Therefore, the writ must be and is hereby-discharged and the petition for writ of cer-tiorari is dismissed.
It is so ordered.
CALDWELL, ERVIN and HOBSON (Ret.), JJ., concur.
O’CONNELL, J., concurs specially with Opinion.
THORNAL, C. J., THOMAS, J., and McCORD, Circuit Judge, concur specially and agree with O’CONNELL, J.