CHARLES CARROLL, Judge.
By this appeal a party to a contract seeks reversal of an order of the circuit court of Dade County denying its petition to compel arbitration, filed under § 682.02 of the Florida Arbitration Code, Chapter 682 Fla.Stat., F.S.A. We find error and reverse.
It is disclosed that the parties hereto had entered into a written contract which contained an agreement for arbitration of controversies thereunder as follows:
“16.1 In the event any differences or disputes arise between us in matters relating to this agreement, or emanating therefrom, the interpretation thereof, or the consequences of the breach thereof, such disputes shall be arbitrated. Each of us shall appoint an arbitrator. If these arbitrators are unable to agree they shall select a third arbitrator. The award of a majority of the arbitrators shall be made a rule of court. If the arbitrators selected by each party are unable to select a third arbitrator, the disputes and differences shall be arbitrated under the new rules of the London Arbitration Association or such other association which we may agree upon in writing, whose award shall be made a rule of court. Klosters retains the right to insist on London Arbitration.
“16.2 Nothing contained in this paragraph shall be construed to prevent any party hereto from applying to any court of competent jurisdiction for the purpose of obtaining such preliminary relief as may be appropriate to maintain the status quo pending the arbitration proceedings provided for herein. Status quo shall mean the last peaceable noncontested condition existing at the time of arbitration.”
*429 One of the parties to the contract, Klos-ters Rederi A/S gave notice to the other, Arison Shipping Company, of election to terminate the contract for certain claimed breaches thereof by Arison. The latter promptly notified Klosters that it disputed the claimed breaches of contract and demanded arbitration. Upon refusal thereof by Klosters, Arison filed its petition to compel arbitration. Section 682.02 Fla. Stat., F.S.A., provides as follows:
“Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable and irrevocable without regard to the justiciable character of the controversy; provided that this law shall not apply to any such agreement or provision to arbitrate in which it is stipulated that this law shall not apply or to any arbitration or award thereunder.”
In the order of the circuit court denying the petition to compel arbitration, no ground or reason was given why the court concluded that the disputes between the parties relating to the claimed breaches of the written contract were not subject to arbitration, in view of the above quoted agreement of the parties for arbitration of such disputes and the validity and enforceability conferred thereon by § 682.02 Fla. Stat., F.S.A.
In contending for affirmance of the order denying arbitration, the appellee argues that the provision contained in paragraph 16.1 of the agreement for arbitration in the written contract, to the effect that “Klos-ters retains the right to insist on London Arbitration,” constitutes an agreement by the parties that the Florida law relating to arbitration shall not apply. In opposition thereto the appellant contends the provision relied on by the appellee is not, and does not purport to be an agreement between the parties that the Florida Arbitration Law shall not apply to their contract, and further argues that the provision allowing Klosters to elect or insist on “London Arbitration,” relates only to an alternative method or format of arbitration which the parties agreed should be used therefor, if Klosters should so elect.
On weighing the arguments of the parties on that point we find merit in those of the appellant. Section 682.04 Fla.Stat., F. S.A., provides:
“If an agreement or provision for arbitration subject to this law provides a method for the appointment of arbitrators or an umpire, this method shall be followed. In the absence thereof, or if the agreed method fails or for any reason cannot be followed, or if an arbitrator or umpire who has been appointed fails to act and his successor has not been duly appointed, the court, on application of a party to such agreement or provision shall appoint one or more arbitrators or an umpire. An arbitrator or umpire so appointed shall have like powers as if named or provided for in the agreement or provision.”
Here, in the agreement of the parties relating to arbitration, a method or format was provided for, with a provision for another or alternative method, that of “London Arbitration,” if one of the parties should so elect. Under § 682.04 Fla.Stat., F.S.A., the method or format initially prescribed in paragraph 16.1 of the agreement of the parties “shall be followed,” or in the alternative if so elected by Klosters, the other method or format thereof “shall be followed.” The inclusion in the agreement for arbitration of alternative methods of arbitration with right of a party to elect thereon, did not operate to nullify the agreement for arbitration,[1] nor did it con *430 stitute an agreement of the parties that the Florida Arbitration Law should not apply to their contract.
For the reasons stated we conclude that the petition of Arison Shipping Company should have been granted; and the order denying its petition to compel arbitration is hereby reversed.

. Bohlmann v. Allstate Insurance Company, Ma.App.1965, 171 So.2d 23; Netherlands Insurance Company v. Moore, Fla.App.1966, 190 So.2d 191.