DAUKSCH, Judge.
This is an appeal from an order granting appellee’s motion to compel arbitration. On July 25, 1983, the School Board of Orange County, Florida, entered into a written contract with Southeast Roofing & Sheet Metal, Inc., for the reconstruction of roofs. The General Conditions of the Contract for Construction contained a provision which provided that all claims, disputes and other matters in question arising between the Contractor and the Owner with regard to the written contract would be decided by arbitration unless the parties mutually agreed otherwise. Appellant School Board contends that these General Conditions were in fact part of the written contract. Appellee Southeast contends that these General Conditions were not attached to the written contract and were therefore not a part of the written contract. The order of events following Southeast’s filing of this lawsuit against School Board, however, indicates otherwise.
First, the written contract specifically referred to the General Conditions as follows:
ARTICLE VII THE CONTRACT DOCUMENTS
The Contract Documents consist of this Agreement, Conditions of the Contract (General, Supplementary and other Conditions), Drawings, Specifications, All Addenda issued prior to the execution of this Agreement and all Modifications issued subsequent thereto. These form the Contract, and all are as fully a part *887 of the Contract as if attached to this Agreement or repeated herein.
In addition, Southeast filed a set of interrogatories against School Board on July 2, 1984. Question No. 8 of these interrogatories stated: “Identify the General Conditions, if any, that the School Board contends were incorporated into the contract between plaintiff and the School Board.” In response to this question, School Board stated: “AIA General Conditions of the Contract for Construction. See Instructions to Bidders A-10.” Southeast also referred to the existence of these General Conditions while taking the deposition of Steven T. Ashwell on March 29, 1985, and Robert Gallardo and Gorham Rutter on June 19,1985. There was additional record activity following these events. It was not until October 18, 1985, fourteen months after filing its initial complaint, that Southeast moved to compel arbitration. The trial court granted Southeast’s request on October 22, 1985.
Although a waiver of the right to arbitrate should not be implied from mere inaction unless the delay has given the parties seeking arbitration an undue advantage that has resulted in prejudice to another, Graham Contracting, Inc., v. Flagler County, 444 So.2d 971 (Fla. 5th DCA 1983), the facts of this case indicate that Southeast indeed waived its right to arbitrate in this proceeding. An overall examination of the order of events and dates thereof reveals that apart from the contract language which specifically referred to the General Conditions of the Contract for Construction, Southeast knew or should have known of these conditions at least by August 16, 1984, the day on which School Board filed its answers to Southeast’s first set of interrogatories. School Board specifically referred to the existence of these conditions in its answer to Question No. 8. Following the answers to these interrogatories, Southeast actively participated in discovery throughout the next fourteen months by taking depositions, amending its complaint, filing a request for production of documents, demanding a trial by jury, and submitting additional interrogatories. Southeast’s knowledge of the General Conditions may also be inferred from the depositions of Stephen T. Ashwell, Robert Gal-lardo and Gorham Rutter.
Southeast has clearly chosen the judicial forum as a means of litigating this cause. Because these actions are inconsistent with the right to arbitrate, it may be concluded that Southeast knowingly waived, repudiated and abandoned its right to arbitrate by assuming a position inconsistent with such right. See Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678 (Fla.1973), cert. den., 414 U.S. 1181, 94 S.Ct. 869, 38 L.Ed.2d 755 (1974), cert. den., 268 So.2d 428 (Fla.1972). Although there is a federal policy which favors arbitration proceedings, it would be unduly prejudicial to force a party to engage in the litigation process for a period of fourteen months and then allow the party who initiated the action to request that the case be resolved by arbitration proceedings when that party knew or should have known that this alternative was available at an earlier time. See Winter v. Arvida Corp., 404 So.2d 829 (Fla. 3d DCA 1981).
REVERSED and REMANDED.
UPCHURCH and COWART, JJ., concur.