221 So.2d 780 (1969)
OJUS INDUSTRIES, INC., and Stanley Spitzer, Appellants,
v.
Sidney I. MANN, Appellee.
No. 69-94.
District Court of Appeal of Florida. Third District.
April 15, 1969.
Rehearing Denied April 30, 1969.
Kelly, Black, Black & Kenny, Miami, for appellants.
Kovner, Mannheimer, Greenfield & Cutler, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
CHARLES CARROLL, Chief Judge.
This is an appeal from an order denying a motion of the defendants to compel arbitration, and granting a motion of the plaintiff for production of records in his suit for accounting as to a matter which the parties had agreed should be determined by arbitration. On petition of the *781 defendants to review the provision of the order which denied their request for a stay of the ordered production of records pending their appeal, we granted such stay.
The appellants Ojus Industries, Inc., and Stanley Spitzer (with two individuals not involved on this appeal) entered into a contract with the appellee Sidney I. Mann. The contract recited that litigation was pending by Mann against "the Ojus Group" for alleged wrongful removal of Mann from the office of president of the corporation. The purpose of the contract, as recited therein, was to "terminate their relationship" and to "settle the litigation now pending between them and to prevent further suits against the other."
The contract called for dismissal of the litigation, exchange of general releases, and payment of $25,000 cash to Mann. It also contained provision for the purchase of Mann's stock for an amount equal to 30 percent of the book value of the stock of the corporation as of the date of completion of contracts #0798 and #1240 which were being processed by the corporation. It was stated in the contract that the parties estimated such book value "will be approximately $57,000," and there were certain provisions relating to items to be included and excluded in determining the book value.
Paragraph 9 of the contract provided as follows: "In the event of a dispute concerning the book value as of completion date, said dispute will be determined by Haskins and Sells and the decision of Haskins and Sells shall be binding upon both parties."
Thereafter Mann filed a suit entitled "Complaint for Accounting and Damages," against the corporation and Spitzer, alleging that notwithstanding the settlement contract the corporation and Spitzer had done certain acts willfully and vindictively to injure Mann by interfering with a contract of group insurance in which he participated, by advising the insurer not to pay a claim he had made. The complaint further alleged completion of the corporation's work contracts #0798 and #1240, making due the payment to Mann of 30 percent of the book value as consideration for his stock, and the failure of the defendants to pay the same. And it was alleged that such default in payment was willful, malicious and wanton, and done to embarrass and harm Mann in his business. The complaint prayed for production of documents for the purpose of the accounting sought, and for compensatory and punitive damages.
By answer the defendants averred that a statement of assets and liabilities of the corporation, as of the date of completion of the work contracts, showed the book value of the stock of the corporation was $58,757.17, of which 30 percent was $17,627.45, and averred that the defendants had made and continued an offer to Mann of the latter amount in payment for his stock, and that he had refused to accept the same "on the ground that he did not recognize that said amount represented 30 percent of the book value of Ojus Industries, Inc. as at completion of Contracts #0798 and #1240." Defendants then averred they had demanded of Mann that the controversy be submitted to arbitration as provided for in paragraph 9 of the contract, and that Mann had "failed and refused to submit said dispute concerning the book value as of completion date of the aforesaid Contracts to Haskins & Sells."
Thereafter the defendants filed a motion to compel arbitration, alleging the agreement therefor, and Mann's refusal thereof while retaining other benefits of the contract. Mann moved for discovery by production of records. Thereupon the order that is here on appeal was entered, whereby the trial court denied the defendants' motion to compel arbitration, and granted the plaintiff's motion for production by the defendant corporation of the records "enumerated in the plaintiff's motion to produce." Those listed in the motion to produce were extensive enough to *782 include all records of the corporation essential or useful in the suit for an accounting to determine the book value of the stock of the corporation as of the date specified.
The determinative question on this appeal is whether the provision which the parties included in their contract, for arbitration of a dispute between them as to the book value of the stock of the corporation, is binding on the appellee. The agreement for the arbitration was clear and definite. The designated arbitrator, Haskins & Sells, is a well known public accounting firm.
Section 682.02 Fla. Stat., F.S.A., provides that the parties to a written contract may include therein "a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof," and that such an agreement or provision shall be "valid, enforceable and irrevocable without regard to the justiciable character of the controversy." Section 682.03 provides for application to the court for an order directing the parties to proceed with arbitration in accordance with the terms of their agreement therefor, and that if the court is satisfied there is no substantial issue as to the making of the arbitration contract provision "it shall grant the application." That section of the statute further provides that where a dispute which the parties have agreed to arbitrate "becomes involved" in a cause pending in a court having jurisdiction to hear an application to compel arbitration, the application shall be made in said court, and if an order compelling arbitration is so made, the cause shall be stayed "or, if the issue is severable, the stay may be with respect thereto only." The statute further provides that "an order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown."
The dispute for which the defendants moved to compel arbitration was one to which the agreement for arbitration had direct reference. That dispute "became involved" in the cause by disclosures in the complaint and its exhibit (the contract) and the answer, and thereupon the defendants made application in the cause, as provided for by the statute, to compel arbitration. No issue was raised as to the making of the arbitration agreement, and both parties acknowledged and claimed rights under the written contract in which the provision for arbitration appeared. The trial court's order gave no ground for denying the defendants' motion to compel arbitration, nor are we able to observe any sound reason for its denial.
The appellee's contention that the appellants waived their right to arbitration is without merit. There was no undue delay on the part of the appellants, in moving to compel arbitration, after the dispute which had been agreed to be arbitrated was disclosed in the cause by the pleadings. Nor was the answer filed by the defendants inconsistent with their demand for arbitration as contracted for. On the contrary, in their answer the defendants expressed reliance on the agreement for arbitration, referred to the paragraph of the contract which provided for it, and averred demand therefor upon the plaintiff and his refusal.
Waiver in this connection does not depend on timing of the motion to compel arbitration (where not unreasonably delayed), but rather on the prior taking of an inconsistent position by the party moving therefor. Thus, where a plaintiff, in disregard of his right to arbitration, files suit for determination of the controversy, he will be held to have waived his right to compel arbitration thereof. The same will apply to a defendant who by counterclaim submits the matter, which was to be arbitrated, to the court for determination. See Mike Bradford & Co. v. Gulf States Steel Co., Fla.App. 1966, 184 So.2d 911, 913. In *783 that case waiver was applied to a defendant who by way of counterclaim had submitted the matter for decision by the court, and who also was guilty of undue delay by not moving for arbitration until the case was called for trial.
In the circumstances presented the mandate of the statute was clear, and pursuant thereto defendants' motion to compel arbitration should have been granted and the cause stayed pending proceedings thereon. It follows that the order to the defendant corporation to produce records also was entered improperly, because the order to produce was in aid of the plaintiff's purpose to litigate in his suit the very matter in dispute which the parties had agreed to submit to arbitration.
For the reasons stated the order appealed from is reversed, and the cause remanded for further proceedings not inconsistent herewith.