352 So.2d 1235 (1977)
Michael KING, Petitioner,
v.
THOMPSON & McKINNON, AUCHINCLOSS KOHLMEYER, INC., a Delaware Corporation, Respondent.
No. 77-930.
District Court of Appeal of Florida, Fourth District.
November 29, 1977.
Rehearing Denied January 9, 1978.
James J. Belcher, Fort Lauderdale, for petitioner.
James F. Gilbride of Gilbride & Heller, Miami, for respondent.
LETTS, Judge.
Petitioner seeks review of an order granting respondent's motion to compel arbitration and stay proceedings. It is his position that the trial court erred in requiring submission of his cross-claim to arbitration because the respondent waived its rights to compel arbitration by filing an answer to the cross-claim. We agree. Certiorari is granted and the order quashed.
According to the record, petitioner filed a cross-claim against respondent on December 16, 1975. This cross-claim was answered by respondent and a reciprocal cross-claim filed against petitioner on January 12, 1976. Subsequently, petitioner filed a notice to produce documents in the possession of respondent and submitted extensive interrogatories, both of which were objected to by respondent. On October 5, 1976, respondent filed a motion to compel arbitration and stay proceedings which was granted by the trial court.
Repudiation of an arbitration clause by a defendant, in the form of an answer to the complaint without demand for arbitration constitutes an abandonment of the right to arbitration and consent to submission of the controversy to the courts. Gettles v. Commercial Bank at Winter Park, 276 So.2d 837 (Fla. 4 DCA 1973); Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678 (Fla. 1973).
In Ojus Industries, Inc. v. Mann, 221 So.2d 780 (Fla. 3 DCA 1969), the court stated:
Waiver in this connection does not depend on timing of the motion to compel arbitration (where not unreasonably delayed), but rather on the prior taking of an inconsistent position by the party moving therefor. Thus, where a plaintiff, in disregard of his right to arbitration, files suit for determination of the controversy, he will be held to have waived his right to compel arbitration thereof. The same will apply to a defendant who by counterclaim submits the matter, which was to be arbitrated, to the court for determination. Id. at 782.
CERTIORARI GRANTED AND ORDER QUASHED.
ALDERMAN, C.J., and DOWNEY, J., concur.