394 So.2d 1102 (1981)
Morris LAPIDUS, Appellant,
v.
ARLEN BEACH CONDOMINIUM ASSOCIATION, INC., Arlen Realty & Development Corp., et al., Appellees.
No. 80-558.
District Court of Appeal of Florida, Third District.
March 10, 1981.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and Todd A. Cowart, Miami, for appellant.
Greenberg, Traurig, Hoffman, Lipoff, Quentel & Wolff and Byron G. Petersen, Miami, for appellees.
Before HENDRY and DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
By interlocutory appeal, third party defendant Morris Lapidus, challenges an order entered by the lower court denying his motion to compel arbitration. We elect to *1103 treat the interlocutory appeal as a petition for common law certiorari[1] for the following reasons: (a) there is a strong public policy favoring arbitration, Fenster v. Makovsky, 67 So.2d 427 (Fla. 1953); Arrieta v. Volkswagon Insurance Co., 343 So.2d 918 (Fla. 3d DCA 1977); (b) denial of a right to arbitration may not be adequately remedied by appeal, see, e.g., Morton Z. Levine and Associates, Chartered v. Van Deree, 334 So.2d 287 (Fla. 2d DCA 1976) (purpose of arbitration is to avoid litigation); Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975); and (c) permitting parties to litigate the dispute in court instead of proceeding to arbitration, if there is a right of arbitration, constitutes a departure from the essential requirements of law. Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980). We have jurisdiction pursuant to Fla.R.App.P. 9.100.
Florida courts recognize that a party's contractual right to arbitration may be waived by actively participating in a lawsuit or taking action inconsistent with that right. Klosters Rederi A/S v. Arison Shipping Company, 280 So.2d 678 (Fla. 1973); Ojus Industries, Inc. v. Mann, 221 So.2d 780 (Fla. 3d DCA 1969). Filing an answer without asserting the right for arbitration acts as waiver, King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977); as does initiating legal action without seeking arbitration, Seville Condominium v. Clearwater Development Corp., 340 So.2d 1243 (Fla. 2d DCA 1976) and counterclaiming without raising the issue of arbitration, Mike Bradford & Co. v. Gulf States Steel Co., 184 So.2d 911 (Fla. 3d DCA 1966).
Although Florida courts have not ruled directly on point, other jurisdictions have held that moving for summary judgment results in a waiver of any right to arbitration. See Applicolor, Inc. v. Surface Combustion Corp., 77 Ill. App.2d 260, 222 N.E.2d 168 (1966); Board of Education v. Mancuso Brothers, 25 Misc.2d 122, 204 N.Y.S.2d 410 (N.Y. Sup. Ct. 1960). See also 98 A.L.R.3d 767.
A party who contests the merits of a claim by filing a motion for summary judgment accepts the judicial forum. She may not consistently later claim that only the arbitral forum is satisfactory. See, e.g., De Sapio v. Kohlmeyer, 35 N.Y.2d 402, 362 N.Y.S.2d 843, 846 (N.Y.Ct.App. 1974). Where, as here, the issue of waiver is placed before the trial court, the court could reasonably find that by filing a motion for summary judgment, Lapidus manifested an acceptance of the judicial forum and waived any right he may have had with respect to arbitration. Accordingly, finding that the trial court did not depart from the essential requirements of law, we deny the petition for writ of certiorari.
Certiorari denied.
NOTES
[1] Fla.R.App.P. 9.040(c).