403 So.2d 1114 (1981)
R.W. ROBERTS CONSTRUCTION CO., INC., a Fla. Corp., Petitioner,
v.
MASTERS & CO., INC., a Fla. Corp., & E.L. Eastmoore, Circuit Judge, Seventh Circuit, in and for Putnam County, Fla., Respondents.
No. 81-509.
District Court of Appeal of Florida, Fifth District.
September 23, 1981.
*1115 William A. Harmening of Stanley, Harmening & Lovett, Orlando, for petitioner.
John D. Mussoline of Clark & Mussoline, Palatka, for respondent Masters.
No appearance for respondent Eastmoore.
ORFINGER, Judge.
By Petition for Writ of Common Law Certiorari, petitioner contends that the trial court departed from the essential requirements of law when it denied its motion to compel arbitration in this contract dispute.[1]
Respondent, a subcontractor, filed suit in Putnam County against petitioner as general contractor, and petitioner's surety for money allegedly due from the respondent. The contract between the parties contains the arbitration provision relied on by petitioner. On December 3, 1980, petitioner filed a motion to dismiss and to transfer the action, alleging that the contract clearly provided for venue in Orange County, rather than Putnam County. After hearing, this motion was denied by order entered February 16, 1981. On March 3, 1981, petitioner filed its answer and affirmative defenses and its motion to compel arbitration, the denial of which motion forms the basis for this petition.
Petitioner fails to show a departure from the essential requirements of law by the trial court. Assuming the arbitration clause in question to be valid (a point not conceded by respondent and not decided here), the trial court could have concluded that by submitting a motion to dismiss and to transfer action, and after an adverse ruling thereon, any right to arbitration was waived. A party's contract right to arbitration may be waived by active participation in a lawsuit or by taking action inconsistent with that right. Klosters Reteri A/S v. Arison Shipping Co., 280 So.2d 678 (Fla. 1973). Waiver of the right does not necessarily depend on the timing of the motion to compel arbitration, but rather on the prior taking of an inconsistent position by the party moving therefor. Ojus Industries v. Mann, 221 So.2d 780 (Fla.3d DCA 1969); King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc., 352 So.2d 1235 (Fla.4th DCA 1977).
Petitioner's motion to dismiss and transfer the action is a contention that the proceeding is in the court of the wrong county, not that it doesn't belong in court at all. This position seems totally inconsistent with petitioner's later assertion that no court was the proper forum, because arbitration was appropriate.
The petition for writ of certiorari is DENIED.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] A petition for writ of common law certiorari has been held to be the appropriate method of review of an order denying a motion to compel arbitration. See Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla.3d DCA 1980).