HERSEY, Judge,
concurring specially.
I concur in the majority’s decision to deny the petition for writ of certiorari and I do so specially in order to give visability and perspective to the divergent views held by the panel.
A right to arbitration granted by contract is specifically enforceable by a court upon a parties’ Motion to Compel pursuant to Section 682.03(1), Florida Statutes (1981). The contractual right to arbitration may, however, be waived by express words or by conduct implying such an intent. Petitioner has by implication waived its right as a result of taking positions inconsistent with arbitration.
Initially petitioner filed a motion to dismiss the third party complaint alleging its contractual right to arbitration. Although the appropriate means of raising the issue is by a Motion to Compel, we agree with the second district that a pleading is governed by its substance, so that this motion to dismiss, while technically inappropriate, does not waive petitioner’s right to arbitration. Balboa Insurance Co. v. Mills, 403 So.2d 1149 (Fla. 2d DCA 1981).
Subsequently petitioner filed an answer to the complaint alleging arbitration as an affirmative defense. In an identical situation, the third district held that where a party answered the complaint without demanding arbitration that party waived the right to arbitration, even though the failure to arbitrate was asserted as an affirmative defense. Hansen v. Reynolds, 408 So.2d 658 (Fla. 3d DCA 1981). Additionally I note that petitioner delayed ten months in filing an answer to the initial complaint. The waiver of the right, however, does not necessarily depend on the timing of the motion to compel arbitration. R.W. Roberts Construction Co. v. Masters & Co., 403 So.2d 1114 (Fla. 5th DCA 1981); Ojus Industries, Inc. v. Mann, 221 So.2d 780 (Fla. 3d DCA 1969).
The petitioner also filed a third party counterclaim in two counts seeking arbitration and, alternatively, damages. Count II of this counterclaim is clearly inconsistent with and therefore waives the right to arbitration despite the claim for arbitration in Count I. Romar Transports, Ltd., Inc. v. Iron & Steel Co. of Trinidad & Tobago Ltd., 386 So.2d 572 (Fla. 4th DCA 1980).
Finally, petitioner filed a motion for summary judgment. This too effectively waives petitioner’s right to arbitration because: “[a] party who contests the merits of
*330 a claim by filing a motion for summary judgment accepts the judicial forum. She [or he] may not consistently later claim that only the arbitral forum is satisfactory.” Lapidus v. Arlen Beach Condominium Ass'n, 394 So.2d 1102, 1103 (Fla. 3d DCA 1981).
For the foregoing reasons I agree that the petition for certiorari should be denied.