444 So.2d 971 (1983)
GRAHAM CONTRACTING, INC., a Florida Corporation, Petitioner,
v.
FLAGLER COUNTY, Respondent.
No. 83-1256.
District Court of Appeal of Florida, Fifth District.
December 15, 1983.
Rehearing Denied February 9, 1984.
Ernest H. Eubanks of Pitts, Eubanks & Ross, P.A., Orlando, for petitioner.
Noah C. McKinnon, Jr., Bunnell, and Cynthia S. Tunnicliff of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, for respondent.
COWART, Judge.
This case involves a contractual right to have disputes arising out of the contract resolved by arbitration and whether that right has been impliedly waived under the circumstances.
Petitioner, Graham Contracting, contracted with Flagler County to build an addition to the Flagler County Courthouse. The contract required arbitration of "all claims, disputes and other matters in question between the parties ... arising out of or relating to this agreement or the breach thereof." The contract also required that a demand for arbitration be made "within a reasonable time after the claim, dispute or other matter in question has arisen."
Graham Contracting commenced work in May of 1982. On June 22, 1982, while pilings were being installed to support the addition to the courthouse, the foundation of the existing courthouse shifted, damaging the old courthouse. Flagler County instructed Graham Contracting to cease work until further notice. On December 22, 1982, Flagler County served a complaint on Graham Contracting. On January 11, 1983, Graham Contracting served a motion to dismiss the complaint for failure to state a cause of action. On March 31, 1983, a meeting between Graham Contracting and Flagler County was held to discuss completion of construction. Graham Contracting was advised that Flagler County would request completion of construction. On April 13, 1983, Graham Contracting submitted documentation of additional costs that it would incur due to the delay in construction caused by the county instructing Graham Contracting to cease work in June of 1982. Flagler County refused to pay these additional costs and Graham Contracting served a demand for arbitration pursuant to the contract. On April 29, *972 1983, Graham Contracting filed a motion in the trial court to compel arbitration. On May 16, 1983, a hearing was held on Graham Contracting's motion to compel arbitration and on its earlier filed motion to dismiss for failure to state a cause of action. The trial court dismissed Flagler County's first complaint but denied Graham Contracting's motion to compel arbitration. Graham Contracting then filed this petition for writ of certiorari.[1] We grant the petition.
In the instant case, the contract required that the demand for arbitration be made "within a reasonable time after the claim, dispute or other matter in question has arisen." The trial court found that a dispute became apparent on June 22, 1982, when the foundation of the old courthouse shifted and Graham Contracting was told to cease work until further notice. The court then found that Graham Contracting's demand for arbitration made ten months later was not made within a reasonable period of time, relying on Lyons v. Krathen, 368 So.2d 906 (Fla. 3d DCA 1979), cert. den., 378 So.2d 346 (Fla. 1979), and Bickerstaff v. Frazier, 232 So.2d 190 (Fla. 1st DCA 1970), cert. dismissed, 238 So.2d 110 (Fla. 1970). In Lyons v. Krathen a written demand was made on a contractor to correct certain defects. The contractor waited nine months after the demand before filing a motion to compel arbitration. In Bickerstaff v. Frazier, the owners were put on notice of a dispute as to the amount due the contractor for final payment under the contract when the contractor served and recorded his claim of lien for labor and materials furnished under the construction contract. The court held the owners waived their right to arbitrate by waiting until four months later to demand arbitration. By contrast, in the instant case no claim was made, and no dispute arose, on June 22, 1982, when Graham Contracting was told to cease work until further notice. The contract does not require the demand for arbitration be made merely because it has become apparent that there is a potential dispute between the parties. The dispute between the parties first crystallized on December 22, 1982, when Flagler County served its complaint on Graham Contracting. While Graham Contracting's initial demand for arbitration was not filed until April 13, 1983, nearly four months later, we do not believe that four months is, as a matter of law, an unreasonable delay. We note that the third and fourth district courts of appeal have adopted the view that the issue of whether a demand for arbitration is timely according to the meaning of the contract is a question to be decided in arbitration. See Federated Department Stores, Inc. v. Pavarini Construction Company, Inc., 425 So.2d 1212 (Fla. 4th DCA 1983); Rinker Portland Cement Corp. v. Seidel, 414 So.2d 629 (Fla. 3d DCA 1982). We believe that a waiver of the right to arbitrate should not be implied from mere inaction unless the delay has given the party seeking arbitration an undue advantage or has resulted in prejudice to another. See Carcich v. Rederi A/B Nordie, 389 F.2d 692 (2d Cir.1968).
Respondent also contends that Graham Contracting waived its right to arbitration by filing its motion to dismiss Flagler County's complaint for failure to state a cause of action. In R.W. Roberts Construction Company v. Masters and Company, 403 So.2d 1114 (Fla. 5th DCA 1981), this court held that a defendant had waived its right to arbitrate by filing a motion to dismiss and to transfer the cause of action based on a contractual venue clause.
Petitioner's motion to dismiss and transfer the action is a contention that the proceeding is in the court of the wrong county, not that it doesn't belong in court at all. This position seems totally inconsistent with petitioner's later assertion that no court was the proper forum, because arbitration was appropriate.

Id. at 1115.
*973 See also, King v. Thompson and McKinnon, Auchinschloss, Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977) (arbitration waived by filing answer and cross-claim, arbitration issue not raised until interrogatories were served); Gettles v. Commercial Bank at Winter Park, 276 So.2d 837 (Fla. 4th DCA 1973) (arbitration waived where plaintiff filed suit, defendant counter sued, plaintiff filed motion to dismiss counterclaim and one week later plaintiff filed demand for arbitration); Ojus Industries, Inc. v. Mann, 221 So.2d 780 (Fla. 3d DCA 1969); Mike Bradford and Company, Inc. v. Gulf States Steel Company, Inc., 184 So.2d 911 (Fla. 3d DCA 1966) (right to arbitrate waived where steel company, with full knowledge of its rights, answered complaint without raising issue of arbitration, counterclaimed upon the same contract, allowed cause to proceed for five and one-half months and allowed jury to be empanelled before demanding arbitration). In none of the above cases has it been held that the filing of a motion to dismiss for failure to state a cause of action, without more, constituted a waiver of the right to arbitrate.[2] The failure of a complaint to allege occurrence of a condition precedent of arbitration could be argued as the reason a complaint fails to state a cause of action.
Thus, in the instant case, there is no basis in the record for a finding of a waiver of the right to arbitrate through delay in asserting that right and the filing of a motion to dismiss Flagler County's complaint for failure to state a cause of action is not so inconsistent with the right to arbitrate that a waiver may be implied therefrom. Therefore, we quash the order of the trial court which denied Graham Contracting's motion to compel arbitration.
QUASHED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] This court has previously held that a petition for writ of certiorari is an appropriate method to review an order denying a motion to compel arbitration. Paine, Webber, Jackson & Curtis, Inc. v. Lucas, 411 So.2d 1369 (Fla. 5th DCA 1982).
[2] Cf. Carcich v. Rederi A/B Nordie, 389 F.2d 692, 696 (2d Cir.1968).

It is not "inconsistency," but the presence or absence or prejudice which is determinative of the issue. As an abstract exercise in logic it may appear that it is inconsistent for a party to participate in a lawsuit for breach of a contract, and later to ask the court to stay that litigation pending arbitration. Yet the law is clear that such participation, standing alone, does not constitute a waiver, Chatham Shipping Co. v. Fertex Steamship Corp., 352 F.2d 291, 293 (2d Cir.1965) (filing complaint not waiver); Reynolds Jamaica Mines, Ltd. v. La Societe Navale Caennaise, 239 F.2d 689 (4th Cir.1956) (asserting counterclaim not waiver); Rootes Motors, Inc. v. S.S. Carina, 1964 A.M.C. 2754 (S.D.N.Y. 1964) (filing answer without mentioning arbitration not waiver), for there is an overriding federal policy favoring arbitration. Waiver, therefore, is not to be lightly inferred, and mere delay in seeking a stay of the proceedings without some resulting prejudice to a party ... cannot carry the day. (footnotes omitted)