523 So.2d 617 (1988)
J. Richard FINN and Regina R. Finn, Petitioners,
v.
PRUDENTIAL-BACHE SECURITIES, INC., a Delaware Corporation, Respondent.
No. 85-1118.
District Court of Appeal of Florida, Fourth District.
February 24, 1988.
Rehearing Denied May 12, 1988.
*618 Gloria Ohsman North of Siemon, Larsen, Mattlin & Purdy, Boca Raton, for petitioners.
Curtis Carlson of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for respondent.
HERSEY, Chief Judge.
Petitioners seek review by way of certiorari of an order granting a motion to compel arbitration.
On June 1, 1984, the petitioners filed a complaint against the respondent and one of its former employees, alleging various counts for negligent misrepresentation, fraud, and violation of sections 517.301 and 895.03(3), Florida Statutes. Respondent answered and filed a counterclaim against the petitioners. On July 17, 1984, respondent filed a motion for summary judgment which was denied. A considerable number of discovery requests and pretrial motions were thereafter filed by both parties and the case was set for trial. On April 8, 1985, respondent filed its motion to compel arbitration, which resulted in the order now before us for review.
The issue is whether respondent waived its contractual right to arbitration by participating in litigation, an act inconsistent with its right to compel arbitration.
A party's contractual right to arbitration may be waived by active participation in a lawsuit or by taking action inconsistent with that right. Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678 (Fla. 1973), cert. denied, 414 U.S. 1131, 94 S.Ct. 896, 38 L.Ed.2d 755 (1974); Lapidus v. Arlen Beach Condominium Association, 394 So.2d 1102 (Fla. 3d DCA 1981); King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977); Gettles v. Commercial Bank at Winter Park, 276 So.2d 837 (Fla. 4th DCA 1973); Ojus Industries, Inc. v. Mann, 221 So.2d 780 (Fla. 3d DCA 1969). The issue in the present case is clouded, however, by the fact that during much of the pertinent time frame, June of 1984 to August of 1985, the law in Florida with regard to the enforceability of agreements to arbitrate claims under Florida securities laws was in a state of flux.
At the time petitioners filed their complaint in state court on June 1, 1984, the most recent pronouncement from this district on the issue of enforceability of arbitration agreements was in Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, *619 405 So.2d 790 (Fla. 4th DCA 1981), rev. denied, 433 So.2d 519 (Fla. 1983) (Melamed I), where this court held that state courts must recognize and apply the Federal Arbitration Act, and that arbitration agreements which are valid and enforceable under the federal law are also valid and enforceable in Florida courts.
In 1983 the third district decided Young v. Oppenheimer & Co., 434 So.2d 369 (Fla. 3d DCA 1983), which held that arbitration of alleged fraud, misrepresentation and breach of fiduciary duties is not consistent with the policy and language of the Florida Securities Act, and agreements to arbitrate controversies cannot oust courts of jurisdiction conferred upon them by organic law. See also Merrill Lynch Pierce Fenner & Smith, Inc. v. Westwind Transportation, Inc., 442 So.2d 414 (Fla. 2d DCA 1983) (denial of motion to compel arbitration of state securities claims held to be error).
The conflict between the districts became more pronounced when Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 453 So.2d 858 (Fla. 4th DCA 1984) (Melamed II), was decided on July 13, 1984, in which this court held that as to claims arising under the Florida securities law arbitration agreements are binding and enforceable.
The conflict was temporarily resolved when the Florida Supreme Court, on September 27, 1984, ruled that an arbitration agreement concerning disputes in securities is un enforceable. Oppenheimer & Co. v. Young, 456 So.2d 1175 (Fla. 1984). Subsequently, however, the United States Supreme Court decided Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). The issue in that case was whether, when a complaint raises both federal securities claims and pendent state claims, a federal district court may deny a motion to compel arbitration of the state law claims despite the parties' agreement to arbitrate their disputes. The court held that the Arbitration Act requires the district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums.
Thereafter, in Oppenheimer & Co. v. Young, 470 U.S. 1078, 105 S.Ct. 1830, 85 L.Ed.2d 131 (1985), on the authority of Byrd, the U.S. Supreme Court vacated and remanded the Florida Supreme Court's decision in Oppenheimer, and on remand the Florida Supreme Court quashed the district court's decision and rejected the respondent's request that the court reverse its earlier ruling that the petitioner did not waive its right to compel arbitration by failing to invoke the right to compel arbitration when it appeared in federal court. Oppenheimer & Co., Inc. v. Young, 475 So.2d 221 (Fla. 1985). The court reasoned that there was a split of authority on the issue, and it would have been pointless to invoke the arbitration agreement.
It could be argued that the same reasoning should be applied here; however, respondent agrees that petitioner's claims were arbitrable during that period of time between this court's decision on July 13, 1984, in Melamed II, holding that arbitration agreements are binding and enforceable as to claims arising under the Florida securities laws, and the Florida Supreme Court's decision on September 27, 1984, in Oppenheimer & Co. v. Young, 456 So.2d 1175 (Fla. 1984), holding arbitration agreements unenforceable. Respondent, during that period of time, filed a motion for protective order, a motion for summary judgment, objections to interrogatories, and objections to petitioners' request for admissions and production of documents. We therefore conclude that the respondent actively pursued this litigation in the lower court without raising the agreement providing for arbitration, thereby waiving its right to compel arbitration.
Respondent argues that the party opposing arbitration must make a strong showing of both inconsistent acts and actual prejudice. However, the cases cited by respondent make it clear that actual prejudice must be shown only where there is a finding of waiver based on delay in assertion of one's right. A showing of prejudice is not required if waiver is based upon *620 inconsistent acts. Melamed II; Graham Contracting, Inc. v. Flagler County, 444 So.2d 971 (Fla. 5th DCA 1983), rev. denied, 451 So.2d 848 (Fla. 1984). Respondent here waived not by inaction, but rather by inconsistent acts.
Our determination of this issue renders it unnecessary to consider other issues argued by the parties. We grant the petition for writ of certiorari and quash the lower court's ruling which granted respondent's motion to compel arbitration.
CERTIORARI GRANTED; ORDER QUASHED.
LETTS and GLICKSTEIN, JJ., concur.