567 So.2d 1019 (1990)
HARDIN INTERNATIONAL, INC., n/k/a Hardin Construction Group, Inc., a Georgia Corporation, Appellant,
v.
FIREPAK, INC., Etc., Appellee.
No. 90-1519.
District Court of Appeal of Florida, Third District.
October 9, 1990.
*1020 James E. Glass, Miami, for appellant.
David L. Swimmer, P.A., and Fredrica B. Elder, Miami, for appellee.
Before JORGENSON, COPE, and GODERICH, JJ.
JORGENSON, Judge.
Hardin International, Inc. appeals two nonfinal orders. One order denies a motion to compel arbitration of Firepak, Inc.'s complaint; the second order compels arbitration of Hardin's counterclaim against Firepak. For the following reasons, we reverse the order compelling arbitration of the counterclaim and affirm the order denying arbitration of the lien foreclosure action.
In April, 1987, Firepak sued Hardin and Hardin's surety to foreclose on a $20,000 mechanic's lien. The lien arose from fire protection services that Firepak had performed on a construction project in Miami, Florida. In August, 1987, Hardin answered Firepak's complaint, asserted the affirmative defense of set-off, and counterclaimed for damages, alleging that Firepak had breached its contract with Hardin on a construction project in Dania, Florida. Hardin's pleading averred that the contract between Hardin and Firepak for the Miami project expressly "authorizes Hardin to set off its claims arising from other matters such as the Dania Subcontract." Firepak moved to dismiss the counterclaim on grounds not related to the right to arbitrate. Almost three years after the suits had been filed, in May, 1990, Firepak moved to compel arbitration of Hardin's counterclaim. Hardin then moved to compel arbitration of Firepak's lien foreclosure action. The trial court entered an order compelling arbitration of the counterclaim but denied Hardin's motion to compel arbitration of the lien foreclosure.
Both parties waived their contractual right to arbitrate when they chose to resolve the disputes at the outset through litigation and then waited three years from the date the foreclosure action and the counterclaim were filed to even raise the issue of arbitration. See Rosen v. Shearson Lehman Bros., Inc., 534 So.2d 1185 (Fla. 3d DCA 1988) (right to arbitrate is waived when party to agreement providing right to arbitration elects to litigate), rev. denied, 544 So.2d 200 (Fla. 1989); Coral 97 Assoc., Ltd. v. Chino Elec., Inc., 501 So.2d 69 (Fla. 3d DCA 1987); Lapidus v. Arlen *1021 Beach Condominium Ass'n, 394 So.2d 1102 (Fla. 3d DCA 1981) (same). Firepak waived its right to arbitrate the lien dispute when it filed the foreclosure action; Hardin waived its right to arbitrate that action when it answered Firepak's complaint without seeking to compel arbitration. Hardin waived its right to arbitrate the breach of contract on the Dania project when it filed its counterclaim; Firepak waived its right to arbitrate that counterclaim when it moved for dismissal of the counterclaim on grounds other than failure to comply with a condition precedent to litigation, namely arbitration of the claim.[1]Cf. King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977) (filing answer without asserting right for arbitration acts as waiver); compare Graham Contracting, Inc. v. Flagler County, 444 So.2d 971, 973 (Fla. 5th DCA 1983) ("The failure of a complaint to allege occurrence of a condition precedent of arbitration could be argued as the reason a complaint fails to state a cause of action."), rev. denied, 451 So.2d 848 (Fla. 1984). Both parties acted in disregard of their right to arbitration. See Ojus Industries, Inc. v. Mann, 221 So.2d 780 (Fla. 3d DCA 1969).
Firepak argues that the issue of whether it made a timely demand for arbitration is a matter for the arbitrator to decide, citing Rinker Portland Cement Corp. v. Seidel, 414 So.2d 629 (Fla. 3d DCA 1982). In Rinker, we held that the timeliness of a demand for arbitration is itself a matter for the arbitrator to decide when the issue is the passage of time between when the dispute arose and when the demand for arbitration was made. This case, however, involves the passage of time between the initiation of litigation and the demand for arbitration. By acquiescing to the judicial forum for nearly three years after the actions were filed, both sides "manifested an acceptance of the judicial forum and waived any right ... to arbitration." Lapidus, 394 So.2d at 1103. Thus we conclude that neither claim shall be arbitrated; both shall proceed in litigation.
Affirmed in part, reversed in part, and remanded for further proceedings.
NOTES
[1] The subcontract that forms the basis for the counterclaim provides in Article VII that "[n]o action may be initiated in any court of law or equity related to any claim or dispute or other matters subject to this article unless the same has first been submitted to arbitration under the provisions hereof."