661 So.2d 969 (1995)
BEVERLY HILLS DEVELOPMENT CORPORATION, et al., Appellant,
v.
GEORGE WIMPEY OF FLORIDA, INC., etc., Appellee.
No. 95-940.
District Court of Appeal of Florida, Fifth District.
October 27, 1995.
*970 Stephen W. Johnson and John R. Reid, Jr., of McLin, Burnsed, Morrison, Johnson & Robuck, P.A., Leesburg, for Appellant.
Laura L. Jacobs and Howard S. Marks, of Graham, Clark, Jones, Pratt & Marks, Winter Park, for Appellee.
W. SHARP, Judge.
Beverly Hills Development Corporation (Beverly Hills) appeals from an order compelling arbitration after George Wimpey of Florida, Inc. (Wimpey) brought a motion to compel arbitration in a lawsuit instituted by Wimpey. Wimpey's lawsuit alleged breach of an option contract by Beverly Hills for its failure to close on certain real property. We reverse.
On February 23, 1989, the parties entered into a lengthy option contract for, inter alia, 1,600 acres of residentially-zoned land, 148 acres of commercially zoned land, 70 finished lots with construction in progress, and existing plans, specifications and permits. The contract was for a term of 20 years, and Wimpey, as optionee, made an initial payment of 1.5 million dollars. Wimpey was further required to comply with certain minimum purchase requirements, and in the event it failed to do so, the contract provided that Beverly Hills had the right to terminate the option in writing, within ten days of the close of the year in which the breach occurred. Subsequently, several amendments and extension agreements to the option contract were executed by the parties, one of which contained a provision that any disputes "shall be settled by arbitration."[1]
In December of 1994, Wimpey filed its complaint, without having first sought arbitration. Nor did it seek arbitration simultaneously with the filing of the complaint. In January of 1995, Beverly Hills brought a motion to dismiss the complaint and compel arbitration, which Wimpey opposed. Approximately one month later, in February of 1995, Wimpey reversed its position and, for *971 the first time, sought arbitration by bringing a motion to compel. However, in March of 1995, Beverly Hills reversed its position and withdrew its motion to compel arbitration. Instead it filed an amended motion to dismiss based solely on a claim of failure to state a cause of action. After a hearing, the trial court granted Wimpey's motion to compel arbitration, and this appeal followed.
We start our analysis by noting that Florida law favors arbitration over litigation to resolve private disputes. North American Van Lines v. Collyer, 616 So.2d 177, 178 (Fla. 5th DCA 1993). There is a strong public policy favoring arbitration. Lapidus v. Arlen Beach Condominium Ass'n., Inc., 394 So.2d 1102 (Fla. 3d DCA 1981). All questions concerning the scope or waiver of the right to arbitrate under contracts should be resolved in favor of arbitration rather than against it. Ronbeck Construction Co., Inc. v. Savanna Club Corp., 592 So.2d 344 (Fla. 4th DCA 1992).
However, a valid contractual right to arbitrate a dispute may be waived. Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678 (Fla. 1973); Hough v. JKP Development, Inc., 654 So.2d 1241 (Fla. 3d DCA 1995); Piercy v. School Board of Washington County, 576 So.2d 806 (Fla. 1st DCA 1991).[2] This is true even if the agreement to arbitrate is expressed as a condition precedent to a legal action. Mike Bradford & Co. v. Gulf States Steel Co., Inc. 184 So.2d 911 (Fla. 3d DCA 1966).
Waiver may also occur by active participation in a lawsuit, or by taking action which is inconsistent with the right to arbitrate. Finn v. Prudential-Bache Securities, Inc., 523 So.2d 617 (Fla. 4th DCA), rev. denied, 531 So.2d 1354 (Fla.), cert. denied, 488 U.S. 917, 109 S.Ct. 274, 102 L.Ed.2d 262 (1988). Initiating a lawsuit, or on the part of a defendant, participating in a lawsuit without first seeking arbitration, constitutes an affirmative selection of a course of action which runs counter to the purpose of arbitration. Rosen v. Shearson Lehman Bros., 534 So.2d 1185 (Fla. 3d DCA 1988), rev. denied, 544 So.2d 200 (Fla. 1989); Finn. The party who opposes arbitration need not demonstrate actual prejudice unless waiver is premised on delay in asserting the right. Finn.
Further, reversing one's position on arbitration has been held to constitute an inconsistent act which will result in an express waiver of the right to arbitrate. In Gilmore v. Shearson/American Express, Inc., 811 F.2d 108 (2d Cir.1987), the court found that an express waiver had occurred where the defendant had earlier withdrawn its motion to compel arbitration. See also Smith v. Petrou, 705 F. Supp. 183, 186 (S.D.N.Y. 1989) (express waiver where arbitration was sought after the party successfully resisted a motion to compel it). As the Gilmore court noted, a litigant may not play "fast and loose" with the courts by freely taking inconsistent positions and ignoring the effect of prior filed documents. Gilmore at 113.
Wimpey's initiation of the lawsuit without first (or simultaneously) seeking arbitration, resulted in the waiver of any right it may have had to arbitrate the dispute. Hough; Rosen; Finn. Initially, Beverly Hills preserved any right it may have had when it brought the motion to compel. But when it subsequently withdrew its motion to compel arbitration, it expressly waived its right to arbitrate through its inconsistent action. Gilmore; Smith. Hence, at the time the trial court granted the motion to compel arbitration, both parties had waived any entitlement they may have had to resolve their dispute by arbitration.
*972 Accordingly, we reverse and remand to the trial court for further proceedings.
REVERSED and REMANDED.
PETERSON, C.J., and COBB, J., concur.
NOTES
[1] We assume, arguendo, but do not decide, that this provision applied to this dispate.
[2] See also, Hardin International Inc. v. Firepak, Inc., 567 So.2d 1019 (Fla. 3d DCA 1990); Riverfront Properties, Ltd. v. Max Factor III, 460 So.2d 948 (Fla. 2d DCA 1984); Graham Contracting, Inc. v. Flagler County, 444 So.2d 971 (Fla. 5th DCA 1983), rev. denied, 451 So.2d 848 (Fla. 1984); R.W. Roberts Construction Co., Inc., v. Masters & Co., Inc., 403 So.2d 1114 (Fla. 5th DCA 1981); King v. Thompson & McKinnon, Auchincloss, Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977); Seville Condominium No. 1, Inc. v. Clearwater Development Corp., 340 So.2d 1243 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 945 (Fla. 1977); Gettles v. Commercial Bank at Winter Park, 276 So.2d 837 (Fla. 4th DCA 1973); Ojus Industries, Inc. v. Mann, 221 So.2d 780 (Fla. 3d DCA 1969).