ANTOON, Judge.
We have for review the trial court’s nonfi-nal order denying Corrine Duckworth’s motion to dismiss Patricia Plant’s complaint.[1] Duckworth appeals, arguing that the complaint should have been dismissed because Plant improperly failed to pursue arbitration. We agree, and therefore, reverse.
Plant’s complaint explained that she had entered into a contract for the purchase of Duckworth’s residence. A seller’s disclosure statement signed by Duckworth was attached to the contract. According to the complaint, Mary Martha Webb, an employee of real estate broker Fanny Hillman & Assoc. (Hill-man), acted in concert with Duckworth in preparing both the contract and the disclosure statement. The complaint alleged that the information which Duckworth and Webb had given Plant concerning the property was misleading and incomplete. In this regard, the complaint alleged that Duckworth and Webb had failed to inform Plant that the property had serious drainage problems.
Duckworth responded to the complaint by filing a motion to dismiss. In the motion Duckworth contended, among other things, that the complaint failed to state a cause of action because Plant had failed to comply with the contractual provision requiring mandatory arbitration. This provision provided in pertinent part:
DEFAULT AND DISPUTE RESOLUTION
* * * * * *
(b) All other disputes: Buyer and Seller will have 15 days from the date a dispute arises between them to attempt to resolve the matter through mediation, failing which the parties will resolve the dispute through neutral binding arbitration in the county in which the real property is located in accordance with the rules of the American Arbitration Association or other arbitrator agreed upon by the parties and not by court action except as provided for judicial review of arbitration proceedings. This agreement to arbitrate is specifically enforceable under prevailing law. Any court with appropriate jurisdiction may enter judgment on the arbitrators) award. Each party to any arbitration or litigation (including appeals and interpleaders) will pay its own fees, costs and expenses, including attorney’s fees and will equally split the arbitrators’ fees and administrative fees of arbitration. Any claims or disputes with or against a real estate licensee named in Paragraph 18 will be submitted to arbitration only if the licensee's broker consents in writing to become a party to the proceeding. This clause will survive closing.
(Emphasis added).
As noted above, the trial court summarily denied Duckworth’s motion to dismiss. We reverse because it is clear that under the terms of the parties’ contract arbitration was mandatory. See Stinson-Head, Inc., v. City of Sanibel, 661 So.2d 119 (Fla. 2d DCA 1995), rev. dismissed, 671 So.2d 788 (Fla.1996) (Florida courts must enforce unambiguous arbitration clauses). Accord North Ameri *1259 can Van Lines v. Collyer, 616 So. 2d 177 (Fla. 5th DCA 1993).
In arguing that the order denying Duck-worth’s motion to dismiss should be affirmed, Plant cites to the language of the contract which states that claims or disputes against a real estate licensee will not proceed to arbitration without the written consent of the licensee. Plant interprets this provision to mean that Duckworth was not entitled to compel arbitration without first obtaining written consent from Hillman. We reject this interpretation. The language in the instant contract pertaining to the real estate licensee’s obligation to arbitrate is clear: “Any claims or disputes with or against a real estate licensee ... will be submitted to arbitration only if the licensee’s broker consents in writing to become a party to the proceedings.” This provision simply means that Webb would not be bound to mandatory arbitration absent written consent from Hill-man. However, the obligation between Plant and Duckworth regarding mandatory arbitration is not contingent upon obtaining written consent from Hillman.
Plant also contends that Duckworth waived her right to compel arbitration by acting inconsistently with the exercise of that right. In this regard, she first argues that Duckworth waived the right to seek dismissal based on the arbitration provision because in her motion to dismiss she also argued that the complaint failed to state a cause of action. We disagree.
In R.W. Roberts Construction Co., Inc. v. Masters & Co., Inc., 403 So.2d 1114 (Fla. 5th DCA 1981), this court discussed the issue of conduct which constitutes a waiver of arbitration. In Roberts, the defendant, who was perhaps entitled to arbitration, moved to transfer venue of the plaintiffs pending lawsuit. After the trial court denied the motion to transfer venue as well as a motion to dismiss, the defendant moved to compel arbitration under the terms of the parties’ contract. This court ruled that a party’s active participation in litigation could constitute a waiver of that party’s contractual right to arbitrate, and that the defendant’s filing of a motion to dismiss and a motion to transfer venue constituted such a waiver.
Here, Duckworth’s only participation in the lawsuit was the filing of a motion to dismiss. This motion was Duckworth’s first opportunity to raise the question of mandatory arbitration. The simultaneous raising of other grounds did not constitute a waiver. See Graham Contracting, Inc., v. Flagler County, 444 So.2d 971 (Fla. 5th DCA 1983), rev. denied, 451 So.2d 848 (Fla.1984).
Next, Plant argues that Duckworth waived her right to compel arbitration by inaction. In making this argument, Plant maintains that Duckworth had the burden of prosecuting Plant’s claim of improper drainage once Duckworth became aware of the claim, approximately thirteen months before Plant filed suit. In so arguing, Plant implies that Duckworth had an obligation to initiate arbitration in order to resolve Plant’s claim. This argument also lacks merit because a “waiver of the right to arbitrate should not be implied from mere inaction unless the delay has given the party seeking arbitration an undue advantage or has resulted in prejudice to another.” Id. at 972 (citing Carcich v. Rederi A/B Nordie, 389 F.2d 692 (2d Cir.1968)).
In summary, the trial court erred in allowing Plant to proceed in circuit court in violation of the mandatory arbitration provision set forth in the parties’ contract. Accordingly, we reverse.
REVERSED.
W. SHARP and GOSHORN, JJ., concur.

. We have jurisdiction pursuant to rule 9.130(a)(3)(C)(v) of the Florida Rules of Appellate Procedure.