PER CURIAM.
GBR3, the defendant below, appeals from a non-final order denying its motion to compel arbitration pursuant to a contract provision. For the following reasons, we reverse.[1]
GBR3 contracted with appellee Largo, a contractor, to construct two warehouse additions to its property. The contract contained an arbitration clause. Largo filed suit against GBR3, claiming wrongful termination and breach of contract. Largo claims it agreed to enter into settlement negotiations with GBR3 on the condition that GBR3 first file its answer and counterclaim. GBR3 claims it agreed only to send Largo a draft, not to actually file it. The parties proceeded to negotiate a settlement, but they failed to reach an agreement. Largo’s counsel then sought to depose GBR3’s corporate representative, and GBR3 moved to compel arbitration. The trial court denied the motion, finding that based on GBR3’s actions throughout the litigation (furnishing Largo with a draft answer and counterclaim), GBR3 waived its right to arbitration. GBR3 appeals.
The trial court erred in finding that GBR3 waived arbitration. “All ques *724 tions concerning the scope or waiver of the right to arbitrate under contracts should be resolved in favor of arbitration rather than against it.” Beverly Hills Dev. Corp. v. George Wimpey of Florida, Inc., 661 So.2d 969, 971 (Fla. 5th DCA 1995). The only record activity in which GBR3 participated was the filing of its Notice of Enlargement of Time to Respond to the Complaint and its Motion to Compel Arbitration. Neither of those filings is inconsistent with the actions of a party seeking to invoke its contractual right to arbitration. See Merrill Lynch Pierce Fenner & Smith, Inc. v. Adams, 791 So.2d 25 (Fla. 2d DCA 2001); see also Hough v. JKP Development, Inc., 654 So.2d 1241, 1242 (Fla. 3d DCA 1995).[2]
REVERSED AND REMANDED.

. We have jurisdiction. See Fla. R.App. P. 9.130(a)(3)(C)(iv).

. In Hough and Lapidus v. Arlen Beach Condominium Assoc., 394 So.2d 1102, 1103 (Fla. 3d DCA 1981), we stated:
''[A] party's contractual right to arbitration may be waived by actively participating in a lawsuit or taking action inconsistent with that right. Klosters Rederi A/S v. Arison Shipping Company, 280 So.2d 678 (Fla.1973); Ojus Industries, Inc. v. Mann, 221 So.2d 780 (Fla. 3d DCA 1969). Filing an answer without asserting the right for arbitration acts as waiver, King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977); as does initiating legal action without seeking arbitration, Seville Condominium v. Clearwater Development Corp., 340 So.2d 1243 (Fla. 2d DCA 1976) [opinion by Grimes, J.] and counterclaiming without raising the issue of arbitration, Mike Bradford & Co. v. Gulf States Steel Co., 184 So.2d 911 (Fla. 3d DCA 1966).”