UPCHURCH, Chief Judge.
Appellant, Willie Bacon, appeals a final order of the Unemployment Appeals Commission denying Bacon’s claim for unemployment compensation. Bacon was employed as a fireman with the United States Navy in Orlando. He took an examination for a position with the United States Postal Service, passed and took a job with the Postal Service in Orlando. He was not employed with the Postal Service long enough to be eligible for unemployment benefits. Bacon applied for benefits claiming that the transfer to the Postal Service was a lateral transfer.
Bacon’s transfer was denied by the local division of the Unemployment Compensation Commission because “[y]ou in effect quit your job when you requested to a transfer to the U.S. Postal Service.” Bacon denied quitting and stated that he was merely transferred to another department within the federal civil service. At the administrative hearing, the Navy’s representative admitted that when Bacon changed positions his career benefits were not affected. The hearing officer found that there was no break in employment in regards to career benefits but concluded that Bacon voluntarily quit his job to accept better employment with another agency. We find this contradictory because, if there is no break in employment for one purpose, there can be none for another purpose. Bacon was employed by the United States government, paid by the United States government and a transfer to another agency is not a voluntary termination such as would make him ineligible for unemployment benefits.
This court has the authority to set aside, modify, or remand an agency decision if the agency has erroneously interpreted a provision of law or has abused its discretion. Public Employees Relations Commn. v. Dade County Police Benevolent Assn., 467 So.2d 987 (Fla.1985). Because Bacon did not terminate his employment with the United States government at the time he left his first job, the circumstances must be considered in connection with the time he did leave his employment: that is, when he left the postal service. His eligibility for benefits must be determined based upon the circumstances surrounding his termination with the Postal Service. Since this factual determination was not presented below, we reverse and remand for further proceedings.
REVERSED and REMANDED.
COBB, J., and LEE, R.E., Associate Judge, concur.