823 So.2d 861 (2002)
Syed Haseeb QADRI, Habib A. Naqvi and Craig Bunker, Appellants,
v.
POINTDIREX, L.L.C., etc., Appellee.
No. 5D02-459.
District Court of Appeal of Florida, Fifth District.
August 23, 2002.
Robert W. Thielhelm, Jr., Eric S. Golden and Jerry R. Linscott of Baker & Hostetler LLP, Orlando, for Appellants.
Mark B. Milrot of Milrot & Diamond, Hollywood, for Appellee.
*862 COBB, J.
The plaintiff below, PointDirex, L.L.C., a Florida limited liability company, brought an action in circuit court for money damages and injunctive relief against three of its former employees alleging breach of certain employment agreements. The three former employees, Bunker, Qadri and Naqvi, had been employed as securities salespeople or representatives.
The former employees moved to dismiss on the basis of subject matter jurisdiction and demanded arbitration pursuant to the bylaws and rules of the National Association of Securities Dealers (NASD).[1] In opposition to the motion PointDirex contended that the former employees had waived arbitration in paragraph 15 of their employment contracts, which provided:
15. Personal Jurisdiction Venue. EACH PARTY HERETO AGREES TO SUBMIT TO THE PERSONAL JURISDICTION AND VENUE OF THE STATE AND/OR FEDERAL COURTS LOCATED IN ORANGE COUNTY, FLORIDA, FOR THE RESOLUTION OF ALL DISPUTES ARISING OUT OF, IN CONNECTION WITH, OR BY REASON OF THE INTERPRETATION, CONSTRUCTION, AND ENFORCEMENT OF THIS AGREEMENT, AND HEREBY WAIVES THE CLAIM OR DEFENSE THEREIN THAT SUCH COURTS CONSTITUTE AN INCONVENIENT FORUM.
The trial court denied the motion to dismiss on the basis that the foregoing language is more specific than "the general effort of the association bylaws" providing for arbitration. This appeal ensued. See Fla. R.App. P. 9.130(a)(3)(C)(iv).
The former employees first argue that a provision in the constitution, charter or bylaws of a voluntary organization that requires disputes between members to be submitted to arbitration constitutes a binding agreement within the meaning of section 682.02, Florida Statutes (2001).[2] They *863 rely on our opinion in Elbadramany v. Stanley, 490 So.2d 964, 966 (Fla. 5th DCA 1986), wherein we held: "The constitution and by-laws of a voluntary association, when subscribed or assented to by the members, becomes a contract between each member and the association." NASD is a voluntary association, as was the realty association in Elbadramany, and its members are bound by its rules. See First Montauk Sec. Corp. v. Four Mile Ranch Dev. Co., Inc., 65 F.Supp.2d 1371 (S.D.Fla.1999). The NASD Manual Code of Arbitration Procedure mandates arbitration of any dispute arising out of the employment or termination of any person by an Association member (such as Point-Direx). The former employees point out that the public policy of Florida favors arbitration as an alternative to litigation. See Elbadramany, 490 So.2d at 966. The former employees also cite the following language from First Montauk:
Enforcement of the NASD's arbitration provisions furthers its goals of securities industry regulation and enforcement. A member-firm's failure to honor an arbitration award or injunctive order, or failure to produce documents in arbitration, or most importantly, failure "to submit a dispute for arbitration under the NASD Code of Arbitration Procedure as required by that Code," "may be deemed conduct inconsistent with just and equitable principles of trade and a violation of Rule 2110" which requires NASD members to observe high standards of commercial honor and just and equitable principles of trade.
First Montauk, 65 F.Supp.2d at 1378.
The former employees note that the subject of the instant dispute is an arbitrable issue pursuant to the express terms of the NASD Manual Code. As for the waiver analysis apparently employed by the trial court, the former employees contend that the jurisdiction and venue provision in paragraph 15 did not waive their right to arbitration. They also point out that even an express waiver of arbitration, which is not present in this case, has been held to be void as a matter of public policy. See Thomas James Assocs., Inc. v. Jameson, 102 F.3d 60, 66 (2nd Cir.1996).
In its answer brief PointDirex contends that (1) there was never an arbitration agreement between the parties, and (2) if there was, it was waived. In regard to the first contention, PointDirex asserts that no evidence was adduced before the trial court that a written agreement to arbitrate ever existed, there having been no evidentiary hearing below. This argument is unavailing because counsel for PointDirex stipulated below that it was a registered member of NASD. This about-face on appeal is improper. See, e.g., Wilson v. Milligan, 147 So.2d 618 (Fla. 2d DCA 1962).
The second point raised by Point-Direx dealing with waiver also is unpersuasive. We agree with the argument advanced by the former employees in their reply brief:
Appellee appears to contend that Florida law permits NASD members to require their employees to waive their rights to arbitrate. However, Appellee's reliance on Finn v. Prudential-Bache Securities, Inc., 523 So.2d 617 (Fla. 4th DCA 1988), for this proposition is misplaced. First, the waiver in Finn was *864 by the securities firm, not its employees. Therefore, nothing in Finn contradicts the NASD Manual Code of Arbitration Procedure which makes it improper for NASD members to require their employees to waive their rights to arbitration. NASD Manual, Nat'l. Ass'n Sec. Dealers, Inc. (CCH) 7511 at § 10101 and 7541 at § 10201. Second, the Finn decision was based on the security firm's participation in the litigation, not on an express waiver of the right to arbitrate. Obviously, an individual party can determine, after a dispute arises, whether it wishes to enforce its own contractual right to arbitrate. [Footnote 2] Accordingly, nothing in Finn establishes that Florida law is inconsistent with the reasoning and holding found in Thomas James Associates, Inc. v. Jameson, 102 F.3d 60, 66 (2d Cir.1996). As set forth in the Initial Brief, Jameson is applicable and establishes that NASD members cannot enforce contractual provisions waiving rights to arbitrate. See id.

Appellee's assertion that Appellants expressly waived their right to arbitrate also contradicts the basic proposition that any waiver of rights must be clear and specific. City of Delray Beach v. Professional Firefighters of Delray Beach Local 1842, [International Ass'n of Firefighters], 636 So.2d 157 (Fla. 4th DCA 1994). Clearly, paragraph 15 of the each of the [sic] employment agreements attached to the Complaint only addresses personal jurisdiction and venue, and does not expressly waive, or even mention, arbitration. Paragraph 15 of the employment agreements does nothing more than establish personal jurisdiction and venue and, under these circumstances, would apply to any attempt to confirm or enforce an arbitration award.
Based on the foregoing, Appellants have not expressly waived their right to arbitrate. Not only do the NASD rules prohibit NASD members like POINTDIREX SECURITIES, L.L.C. from obtaining waivers from their employees, but the purported waiver in this case does nothing of the sort. Agreeing to personal jurisdiction and venue is a far cry from waiving a right to arbitrate.
[Footnote 2] As noted infra, Appellants' participation in the case below does not constitute a waiver of Appellants' right to arbitrate. Unlike the security firm in Finn, Appellants initially sought and continue to seek arbitration.
Accordingly, we reverse and remand for dismissal of the complaint by the circuit court.
REVERSED AND REMANDED.
PLEUS and PALMER, JJ., concur.
NOTES
[1] Section 10101 of the NASD Manual-Code of Arbitration Procedure entitled "Matters Eligible for Submission," describes the scope of the NASD arbitration provisions as follows:

This Code of Arbitration Procedure is prescribed and adopted pursuant to Article A, VII, Section 1(a)(iv) of the By-Laws of the Association for the arbitration of any dispute, claim, or controversy arising out of or in connection with the business or any member of the Association, or arising out of the employment or termination of employment of associated person(s) with any member, with the exception of disputes involving the insurance business of any member which is also an insurance company:
(a) between or among members;
(b) between or among members and associated persons;
(c) between or among members or association persons and public customers, or others; ...
Section 10201 of the NASD Manual Code of Arbitration Procedure, entitled "Required Submission," sets forth those disputes which must be submitted to arbitration:
(a) Except as provided in paragraph (b) or Rule 10216, a dispute, claim or controversy eligible for submission under Rule 10100 Series between or among members and/or associated persons, and/or certain others, arising in connection with the business of such member(s) or in connection with the activities of such associates person(s), or arising out of the employment or termination of employment of such associated person(s) with such member shall be arbitrated under this code at the instance of:
(1) a member against another member;
(2) a member against a person associated with a member or a person associated with a member against a member; and
(3) a person associated with a member against a person associated with a member.
(Emphasis added).
[2] Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable and irrevocable without regard to the justiciable character of the controversy; provided that this act shall not apply to any such agreement or provision to arbitrate in which it is stipulated that this law shall not apply or to any arbitration or award thereunder.