FULMER, Chief Judge.
Lee H. Nerenberg appeals from an order of the Unemployment Appeals Commission affirming a decision of an appeals referee and concluding that Nerenberg was disqualified from receipt of benefits. We affirm.
Nerenberg began working for the Florida Department of Education in 1994. He left the Department of Education in October 2005 because he was unhappy about being transferred from Fort Myers to Orlando, and he went to work for the Florida Department of Health in Collier County. He was fired from the Department of Health during his probationary period, and he filed a claim for unemployment benefits. The claims adjudicator found that Neren-berg was disqualified from receiving benefits because he quit his position with the Department of Education for a reason not attributable to his employer.[1]
Nerenberg appealed and requested a hearing. A telephone hearing was conducted by an appeals referee. During the hearing, Nerenberg asserted that he transferred from the Department of Education to the Department of Health, and that his employer was and remained the State of Florida. The referee asserted that the Department of Education and the Department of Health were different employers for the purposes of unemployment compensation and that Nerenberg had to separate from his job at the Department of Education before he could accept the position with the Department of Health.
The hearing officer issued a written decision affirming the claims adjudicator. The referee found that the “claimant quit on October 6, 2005, to accept a job in Collier County and to relocate back to Ft. Myers,” and concluded that Nerenberg was disqualified from benefits because he left his job with the Department of Education without good cause. The Unemployment Appeals Commission affirmed the referee’s decision.
In this appeal, Nerenberg argues, as he did below, that the State of Florida should be considered as a single employing unit and that his employment with two departments within this unit should be considered continued employment for the purposes of eligibility for unemployment compensation. Nerenberg relies on section 443.036(20)(b), Florida Statutes *935 (2005), to support his contention that there was no separation when he moved between two departments within one employer unit.
The Commission argues that Florida’s various state agencies are separate and distinct employers under Florida’s Unemployment Compensation law. It contends that under section 443.036(35)(a), which defines a public employer, each state agency or political subdivision is an employing unit. Because each state agency is a unique employer, an employee cannot transfer between different agencies. Thus, Nerenberg’s voluntary resignation from the Department of Education and his failure to earn sufficient income at the Department of Health disqualifies him from receiving unemployment compensation benefits.
Subsection 443.036(20)(b) provides:
Each individual performing services in this state for an employing unit maintaining at least two separate establishments in this state is deemed to be performing services for a single employing unit for the purposes of this chapter.
Subsection 443.036(35) is a more specific provision addressing the question presented here. In defining public employer, that provision states:
(35) “Public employer” means:
(a) A state agency or political subdivision of the state;
(b) An instrumentality that is wholly owned by one or more state agencies or political subdivisions of the state; or
(c) An instrumentality that is wholly owned by one or more state agencies, political subdivisions, or instrumentalities of the state and one or more state agencies or political subdivisions of one or more other states.
Nerenberg relies on Bacon v. Unemployment Appeals Commission, 498 So.2d 689 (Fla. 5th DCA 1986), to support his argument. In Bacon, without citation to any legal authority, the court characterized an employee’s move between agencies within the federal government as a transfer. We reject Bacon as controlling authority in this appeal, which addresses employment in two state agencies. And, we conclude that the issue raised in this appeal is controlled by section 443.036(35), which defines each state agency as a separate employing unit. Accordingly, we affirm.
Affirmed.
NORTHCUTT, J., and THREADGILL, EDWARD F., Senior Judge, Concur.

. Because Nerenberg did not establish a base period with the Florida Department of Health, the move from the Florida Department of Education to the Florida Department of Health was evaluated as to whether it was a qualifying or disqualifying separation.