LaROSE, Judge.
 

 Utility Workers Union of America and UWUA Local 604 (collectively, the Union) appeal an administrative order affirming the dismissal of their unfair labor practice charge against the City of Lakeland. We have jurisdiction.
 
 See
 
 Fla. RApp. P. 9.080(b)(1)(C). The Lakeland Public Employee Relations Commission (Lakeland PERC) failed to apply a status quo analysis and summarily dismissed the charge as premature. This was error. Accordingly, we reverse and remand.
 
 [1]
 

 In mid-2007, the City’s electrical department employees voted to be represented by the Union. Collective bargaining soon commenced. In the fall, the parties entered a ground rules agreement in which, among other things, they agreed to address noneconomic issues first during contract negotiations. Historically, but subject to budget constraints, the City had given its employees annual wage increases, usually in the fall. In October 2007, the City gave a modest wage increase to its nonunionized employees. The Union wanted the same for its members. The City declined, arguing that wage issues must be addressed in the collective bargaining process.
 

 The Union filed an unfair labor practice charge with Lakeland PERC’s General Counsel.
 
 See
 
 Lakeland, Fla., Code of Ordinances, No. 3663, § 1.017 (1995). Because, by past practice, the City had given wage increases to its employees, the Union alleged that the City’s unilateral change in practice, disrupting the status quo, violated section 447.501(l)(a) and (c), Florida Statutes (2007). These provisions prohibit a public employer from
 

 (a) Interfering with, restraining, or coercing public employees in the exercise of any rights guaranteed them under this part.
 

 [[Image here]]
 

 (c) Refusing to bargain collectively, failing to bargain collectively in good faith, or refusing to sign a final agreement agreed upon with the certified bargaining agent for the public employees in the bargaining unit.
 

 The General Counsel dismissed the charge, relying on the ground rules agreement:
 

 This assumes that the issue of wages including any [wage] increase will be addressed later.... Based on the agreements of the parties to address non-economic issues first and the documents reflecting that the parties are continuing to negotiate a collective bargaining agreement, the unfair labor charge against the City is immature. Accordingly, the evidence submitted by the Charging Party is insufficient to establish a prima facie violation of any unfair labor practice provisions.
 

 Lakeland PERC affirmed the dismissal. Here, the Union argues that Lakeland PERC failed to consider whether the City impermissibly altered the status quo, as it related to annual wage increases, pending collective bargaining. Our review is de novo.
 
 Miami-Dade County v. Gov’t Sup’rs Ass’n of Fla.,
 
 907 So.2d 591, 593 (Fla. 3d DCA2005).
 

 Generally, the “status quo period” refers to the gap between collective bargaining agreements, when one agreement has expired and another has not yet
 
 *438
 
 been executed. During this time, the terms of the first agreement govern the labor/management relationship. The employer cannot unilaterally alter material terms in the expired contract pending negotiation of a new contract.
 
 Fla. Pub. Employees Council 79, AFSCME, AFL-CIO v. State,
 
 921 So.2d 676, 679 n. 1 (Fla. 1st DCA 2006). To do so is an unfair labor practice.
 
 City of New Port Richey v. Hillsborough County Police Benev. Ass’n, Inc.,
 
 505 So.2d 1096, 1097 (Fla. 2d DCA 1987). Even if the altered term or condition of employment is not expressly contained in a collective bargaining agreement, it may be impliedly included as part of the established status quo.
 
 Id.
 

 Although the Union and the City were negotiating a collective bargaining agreement, some evidence before Lakeland PERC suggested that employees had received annual wage increases for about two decades. Faced with a bargaining unit in its electrical department, the City, according to the Union, abandoned its long practice of wage increases, at least as to these newly unionized employees.
 

 No one disputes the existence and terms of the ground rules agreement. However, Lakeland PERC’s reliance on this agreement begs the question of whether the City unilaterally changed employment terms pending contract negotiations. Accordingly, we reverse and remand for application of a status quo analysis.
 

 Reversed and remanded with directions.
 

 NORTHCUTT, C.J., and SILBERMAN, J., Concur.
 

 [1]
 

 . As a result of our decision, we decline to address the remaining points on appeal.