SALCINES, E.J., Senior Judge.
 

 Utility Workers Union of America and UWUA Local 604 (collectively, the Union) appeal an administrative order of the Lakeland Public Employee Relations Commission (Lakeland PERC) affirming the dismissal of their unfair labor practice charge against the City of Lakeland. This is the second time this court has been asked to review Lakeland PERC’s dismissal of the Union’s unfair labor practice charge.
 
 See Util. Workers Union of Am. v. City of Lakeland,
 
 8 So.3d 436 (Fla. 2d DCA 2009) (reversing Lakeland PERC’s dismissal of unfair labor practice charge and remanding for application of status quo analysis). Because the Union has established that the City engaged in an unfair labor practice by altering the status
 
 *1025
 
 quo pending collective bargaining, we reverse.
 

 The parties agree there is no dispute as to the facts. For twenty years, the City has provided annual across-the-board wage adjustments to its employees. In June 2007, members of the City’s electric department elected the Union as their collective bargaining representative. Three months later, in September 2007, the City approved a budget that included a 2.5% wage increase to all nonunionized City employees. As a result, the Union, in November 2007, filed an unfair labor practice charge against the City, alleging a violation of section 1.016(l)(a) and (c) of the Lakeland Public Employees Relations Ordinance, which is based on section 447.501, Florida Statutes (2007). The Union asserted the City’s unilateral change in its past practice disrupted the status quo. Lakeland PERC’s General Counsel dismissed the charge, and Lakeland PERC affirmed. We reversed the dismissal of the charge and remanded “for application of a status quo analysis.”
 
 Util. Workers Union of Am.,
 
 8 So.3d at 438. On remand, Lakeland PERC again dismissed the unfair labor practice charge, finding no violation of the status quo. This appeal followed.
 

 The standard of review in this case is such that this court must defer to the agency’s interpretation of the law in its area of expertise (in this case, that is chapter 447, part II, on which the local ordinance is modeled), as long as the interpretation is consistent with legislative intent and is supported by competent, substantial record evidence.
 
 See Pub. Employees Relations Comm’n v. Dade Co. Police Benevolent Ass’n,
 
 467 So.2d 987, 989 (Fla.1985).
 

 The only issues before this court are (1) whether the City of Lakeland engaged in an unfair labor practice by not maintaining the “status quo” in declining to approve a cost-of-living increase for those employees who had opted to join the Union and (2) whether the Union is entitled to attorney’s fees and costs.
 

 “[T]he ‘status quo period’ refers to the gap between collective bargaining agreements, when one agreement has expired and another has not yet been executed.”
 
 Util. Workers Union of Am.,
 
 8 So.3d at 437-38. During this period, an employer is prohibited from unilaterally altering wages, hours, and other employment terms and conditions.
 
 See Int’l Ass’n of Fire Fighters, Local 2416 v. City of Cocoa,
 
 14 FPER ¶ 19311 at 695 (1988),
 
 affirmed,
 
 575 So.2d 657 (Fla. 1st DCA 1991). As stated in
 
 Nassau Teachers Ass’n. v. School Board of Nassau County,
 
 8 FPER ¶ 13206 at 391 (1982), “[w]here a long practice of paying incremental or step wage increases based merely upon years of service has been continued in collective bargaining agreements, employees still reasonably expect their accrued step or experience wage increases even though negotiations for a new agreement are pending.”
 

 We agree with the Union that the City’s twenty-year practice of administering annual, across-the-board wage adjustments to its employees was a part of the status quo. There is ample evidence to conclude the City’s practice of providing this annual wage adjustment had become an established condition of the employment of the City’s employees, including bargaining unit employees. By not providing newly unionized employees with this wage adjustment, the City failed to maintain the status quo. In doing so, the City committed an unfair labor practice, as defined in section 1.016(l)(a) and (c) of the Lakeland Public Employees Relations Ordinance and section 447.501(1).
 

 
 *1026
 
 In light of our determination, we remand for further proceedings consistent with this opinion, including the retroactive award of the wage adjustment to the affected employees. Further, because the Union is the prevailing party on its unfair labor practice charge, we grant the Union’s motion for appellate attorney’s fees pursuant to section 1.018(3) of the Lake-land Public Employee Relations Ordinance. On remand, the Commission shall determine the amount of a reasonable appellate attorney’s fee to be awarded to the Union.
 

 Reversed and remanded with directions.
 

 DAVIS and SILBERMAN, JJ., Concur.